Frost J.
delivered the opinion of the Court.
No objection has been made to the recovery of the plaintiff on the ground that the cause of action was a negotiable instrument; and the report of the case does not enable the Court to express any opinion on that point, since it does not appear whether it was in fact negotiable.
*249 The instruction of the circuit Judge presents a statement of Jaw so favorable to the plaintiff, that it is not open to any valid exception on his part. The rule of law delivered to the jury, that the contract would be void, if there was any understanding that the furniture was to be paid for out of the profits arising from the immoral use of it, is indefinite and ambiguous. If, by the understanding of the parties, is meant a stipulation or agreement, the rule is too restricted for any practical discouragement of such contracts; since it is against the interest of the contracting party to diminish his security by stipulating for payment from a particular income, where all the income and effects of the other party are by law liable for his demand. The mere expectation of payment, if that be meant, is too vague and incapable of proof to support a rule of law. If the immoral tendency of such contracts is to be noticed and restrained by law, the only effectual and practical rule must be, that the Court will not enforce a contract for supplies furnished for the purposes of prostitution, with the knowledge of the plaintiff.
In Jennings v. Throgmorton, 21 E. C. L. R., 431, where it did not appear that the lodging was originally let for the purposes of prostitution, yet it was held that the plaintiff could not recover the weekly rent, which accrued after he was informed that the defendant occupied the premises for such purpose. A contract for the sale of the furniture of the house by one keeper of a brothel to another, who succeeds to the lease and occupation of the premises, cannot be distinguished from the case cited. But it is not necessary to the judgment of the Court, that any rule on the subject should be affirmed; and the instruction of the circuit Judge is only noticed to prevent the inference that this Court concurs in the law as stated in the report. When thus disembarrassed of the questions of law, the motion for a new trial depends on the sufficiency of the proof to support the verdict. The questions of fact submitted to the jury, were, first, if the note was executed by the testatrix; and second, if sufficient evidence of the loss was produced. The execution of the note rests wholly on the testimony of Eliza Bird. The immoral and degraded life of this witness detracts from her testimony the faith and credit which can *250 only be attributed to religious sentiment, or a regard to personal character and reputation in society. If the jury saw fit to disbelieve her, the Court cannot say they were not warranted in doing so. The rule which requires the production of the highest evidence, should be strictly enforced where a promissory note is the subject of the action. It is a perfect contract in itself, supplying proof in every particular of the maker’s liability. If not produced, it is very necessary that the loss of it should be proved, or its non-production satisfactorily accounted for. If this proof be not enforced, the recovery on a lost note may give opportunity for various frauds. No rule prescribes what evidence shall be required of the loss. It is scarcely possible to prove the loss by direct evidence, and it must therefore in most cases be made out by circumstances to the satisfaction of the jury. The impression of the plaintiff’s attorney, that the note was not delivered to him, but when brought to him by the plaintiff-’s agent, that he advised it should be returned to New-York for collection; and the proof that the demand was preferred and established before the Surrogate of that State, more than two years after it was received by the plaintiff’s agent in Charleston, as appears by the statement of the amount due; and this, without any search or inquiry for the note, is certainly very imperfect proof of loss.
The motion is refused.